RON QUIJADA (SBN 363726)
LAW OFFICES OF RON QUIJADA
750 E. GREEN STREET, SUITE 302
PASADENA, CA 91101
TELEPHONE: (626) 437-0724
FACSIMILE: (626) 604-8329
E-MAIL: RON@QUIJADALEGAL.COM

ATTORNEY FOR PETITIONER

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JEISON ENRIQUE HERRERA RIVAS**<br><br>Petitioner,<br><br>vs.<br><br>**FERETI SEMAIA, Warden, Adelanto ICE Processing Center; JAIME RIOS, Field Office Director, Los Angeles Field Office, ICE; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of Homeland Security; and TODD BLANCHE, Acting Attorney General of the United States,**<br><br>Respondents | Case No.: 5:26-cv-5114<br><br>**PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**A# 215-848-475** |

## INTRODUCTION

1. Petitioner JEISON ENRIQUE HERRERA RIVAS is a native and citizen of HONDURAS who has been physically present in the United States since approximately February 2016.

2. Petitioner is currently detained at the ADELANTO ICE PROCESSING CENTER in Adelanto, California by immigration authorities and is the subject of a pending removal proceedings.

3. Petitioner entered the United States lawfully on or about February 18, 2016, pursuant to a valid B-1/B-2 nonimmigrant visa. Since that time, Petitioner has continuously resided in the United States.

4. On or about July 20, 2026, ICE officers arrested Petitioner near his residence in Carson, California, as he was preparing to leave for work. Petitioner works in the construction industry as an HVAC installer.

5. At the time of his arrest, Petitioner was not committing any crime, was not attempting to flee, and was simply preparing to go to work in construction.

6. ICE arrested Petitioner without a warrant and, upon information and belief, without a pre-arrest administrative warrant. No circumstances existed demonstrating that Petitioner was likely to escape before a warrant could be obtained.

7. Petitioner has no criminal record. Nevertheless, ICE took him into custody and transferred him to the Adelanto ICE Processing Center, where he remains detained.

8. This Petition challenges the legality of Petitioner's arrest and continued detention. Petitioner alleges that his warrantless arrest failed to satisfy the statutory requirements governing warrantless civil immigration arrests and that his resulting detention violates the Constitution and laws of the United States.

9. Petitioner therefore seeks a writ of habeas corpus under 28 U.S.C. § 2241 and appropriate relief from his unlawful detention.

10. Accordingly, Petitioner seeks a writ of habeas corpus ordering his immediate release from ICE custody because:

1) **Unlawful Warrantless Arrest and Detention in violation of 8 U.S.C. §§ 1226(a) and 1357(a)(2),** because ICE arrested Petitioner without a warrant and without facts establishing the statutory exception permitting a warrantless immigration arrest;
2) **Violation of the Fifth Amendment Right to Procedural Due Process**, because Petitioner's bond proceedings were legally and constitutionally deficient and failed to meaningfully consider highly probative evidence bearing on his risk of flight and conditions of release;
3) **Violation of the Fifth Amendment Substantive Due Process, Arbitrary Civil Detention**, because Petitioner has remained continuously deprived of his physical liberty for approximately close to two months without constitutionally adequate procedures establishing that his continued detention remains necessary

## JURISDICTION AND VENUE

11. This Court has jurisdiction under 28 U.S.C. § 2241 (federal habeas statute); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 2201-2 (declaratory judgment). This his action arises under the Fifth Amendment to the United States Constitution, the Immigration and Nationality Act (INA),United States Constitution Article I, Section 9 (Suspension Clause).

12. Venue is proper in the Central District of California under 28 U.S.C. § 2241 because Petitioner is currently detained within this District at the Adelanto ICE Processing Center. Venue properly lies within the Central District of California under 28 U.S.C.§ 1391, because this is a civil action in which Respondents are agencies of the United States, Petitioner is detained in this District, and a substantial part of the events or omissions giving rise to this action occurred in the district.

## REQUIREMENTS OF 28 U.S.C. § 2243

13. The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id*.

14. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

## PARTIES

15. Petitioner JEISON ENRIQUE HERRERA RIVAS is currently detained at the ADELANTO immigration detention center in Adelanto, California.

16. Respondent, FERETI SEMAIA, is the warden of Adelanto Detention Center, and is sued in his official capacity. The Adelanto Detention Center has immediate physical custody of Petitioner pursuant to the facility's contract with U.S. Immigration and Customs Enforcement to detain noncitizens and is a legal custodian of Petitioner.

17. Respondent, JAIME RIOS, is the ICE Field Office Director of the Los Angeles ICE Field Office and is sued in his official capacity. ICE Filed Office Director is responsible for the detention of Petitioner.

18. Respondent TODD LYONS is the Acting Director of U.S. Immigration and Customs Enforcement (ICE) and is sued in HIS official capacity. ICE is responsible for the detention of Petitioners.

19. Respondent MARKWAYNE MULLIN is the Secretary of the Department of Homeland Security ("DHS"), and is sued in his official capacity.

The Secretary of Homeland Security is charged with the administration and enforcement of immigration laws. 8 U.S.C. § 1103(a).

20. Respondent TODD BLANCHE is the Attorney General of the United States and is sued in his official capacity as the head of the Department of Justice. The Attorney General is responsible for the fair administration of the laws of the United States.

## STATEMENT OF FACTS

21. Petitioner is a native and citizen of Honduras currently detained by Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center. ***See*** **https://locator.ice.gov/odls/**

22. On or about February 18, 2016, Petitioner lawfully entered the United States pursuant to a B-1/B-2 nonimmigrant visa. **(*See* Exhibit 1 – Petitioner's I-94 Arrival Record).**

23. Petitioner has continuously resided in the United States since his arrival in or about February 2016.

24. Before his detention, Petitioner resided in Carson, California.

25. Petitioner is employed in the construction industry as an HVAC installer.

26. Petitioner has no criminal record.

### ICE Detention

27. On or about July 20, 2026, Petitioner was outside of his residence in Carson, California, preparing to leave for work. He was arrested near his car when he was loading his materials to go to work.

28. Petitioner was on the street near his residence when he was approached and arrested by ICE officers.

29. At the time of his arrest, Petitioner was not committing any crime or engaging in any unlawful conduct. Petitioner was not fleeing from law enforcement and was not attempting to conceal his identity or whereabouts.

30. Petitioner was preparing to report to his employment as an HVAC installer when ICE officers took him into custody.

31. Upon information and belief, ICE officers also did not possess a valid administrative arrest warrant at the time they seized Petitioner. Petitioner was not provided advance notice that ICE intended to arrest him.

32. At the time of the arrest, there were no facts demonstrating that Petitioner was likely to escape before an immigration arrest warrant could be obtained.

33. Petitioner had been residing in the United States for approximately ten years and had an established residence and employment in Southern California.

34. Despite the absence of any criminal conduct, criminal history, or apparent exigency requiring an immediate warrantless arrest, ICE officers took Petitioner into immigration custody.

35. Petitioner's detention is the direct result of the warrantless civil immigration arrest described above.

**Criminal History**

36. Petitioner does not have any criminal history.

**Bond Hearing**

37. After his arrest, Petitioner was not provided a bond hearing or a custody redetermination hearing.

## ADMINISTRATIVE EXHAUSTION SHOULD BE WAIVED

38. Petitioner has not bypassed the administrative process. To the contrary, he sought custody redetermination before the Immigration Court, sought reconsideration after presenting additional evidence concerning sponsorship and community ties, and timely appealed the adverse custody determination to the Board of Immigration Appeals. Thus, this is not a case in which a detainee deliberately circumvented available administrative remedies. See *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Petitioner has invoked the administrative

process and remains detained while that process continues. Requiring him to remain incarcerated until the BIA eventually resolves his appeal would elevate prudential exhaustion over the fundamental liberty interest that habeas corpus exists to protect.

39. Moreover, the issues presented in this Petition do not require the BIA's specialized expertise or further development of the administrative record. Petitioner raises constitutional and legal challenges to the lawfulness of his detention, including whether ICE arrested him without the warrant required by 8 U.S.C. § 1226(a) and without facts satisfying the narrow warrantless-arrest exception under 8 U.S.C. § 1357(a)(2), and whether the Immigration Judge applied a constitutionally adequate legal standard in concluding that Petitioner presented such an extreme flight risk that no amount of bond or combination of conditions could secure his appearance. These are questions of federal statutory and constitutional law squarely within this Court's competence. See *Hernandez v. Sessions*, 872 F.3d 976, 988–89 (9th Cir. 2017). Allowing judicial review under these circumstances would not encourage deliberate bypass of the administrative scheme; it would permit review only of the type of colorable constitutional and legal claims federal courts are specifically empowered to decide.

40. Even if the *Puga* factors otherwise favored exhaustion, waiver is independently warranted under *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004), because requiring Petitioner to await completion of BIA review would inflict irreparable injury. Petitioner has been continuously deprived of his physical liberty since his detention, and has now spent more than one month civil immigration detention. Respondents have identified no criminal conviction or pending criminal charge as a basis for his detention. His detention began with a warrantless ICE arrest. Every additional day Petitioner remains incarcerated pursuant to an allegedly unlawful arrest and constitutionally deficient custody determination is an additional deprivation of liberty that cannot later be restored.

The prejudice therefore is not speculative or remote—it is occurring each day Petitioner remains confined.

41. The purpose of prudential exhaustion is to promote orderly administrative review, not to require a person to endure potentially unlawful confinement while an administrative appeal proceeds at an uncertain pace. The Court should therefore exercise its discretion to waive any remaining prudential exhaustion requirement and reach the merits of Petitioner's habeas claims. See *Laing*, 370 F.3d at 1000–01.

## LEGAL BACKGROUND

### Writ of Habeas Corpus

42. The following legal principles govern Petitioner's claims for habeas corpus relief. Although Congress has authorized the Executive Branch to arrest and detain certain noncitizens under the Immigration and Nationality Act ("INA"), that authority remains subject to the Constitution, federal statutes, and longstanding principles governing executive detention. As discussed below, the Great Writ of habeas corpus provides the traditional means by which federal courts review the legality of immigration detention and remedy constitutional violations.

### A. Detention of Non-Citizens Under 8 U.S.C. 1226 (a)

43. Petitioner is detained pursuant to 8 U.S.C. § 1226(a), which authorizes the detention of certain noncitizens "already in the country pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). The Ninth Circuit recently confirmed that noncitizens apprehended in the interior of the United States are governed by the detention framework of § 1226 rather than the mandatory detention provisions of 8 U.S.C. § 1225(b)(2)(A). *Rodriguez Vazquez v. Bostock*, No. 25-6842, slip op. at 26–27 (9th Cir. July 30, 2026)

44. When a noncitizen is taken into immigration custody pursuant to § 1226(a), immigration officials make an initial custody determination and may release the noncitizen on bond or other conditions if the applicable statutory and

regulatory requirements are satisfied. See 8 U.S.C. § 1226(a)(2); 8 C.F.R. § 236.1(c)(8). Following the initial custody determination, the noncitizen may request a custody redetermination before an Immigration Judge. 8 C.F.R. § 236.1(d)(1).

45. At a custody redetermination hearing, the noncitizen bears the burden of demonstrating that release on bond is warranted. *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006). In making that determination, the Immigration Judge considers whether the noncitizen "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *Id.* (citing *Matter of Patel*, 15 I. & N. Dec. 666 (B.I.A. 1976))

46. In evaluating whether release is warranted, the Immigration Judge may consider any or all of the following factors: (1) whether the noncitizen has a fixed address in the United States; (2) the noncitizen's length of residence in the United States; (3) the noncitizen's family ties in the United States, and whether they may entitle the noncitizen to reside permanently in the United States in the future; (4) the noncitizen's employment history; (5) the noncitizen's record of appearance in court; (6) the noncitizen's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the noncitizen's history of immigration violations; (8) any attempts by the noncitizen to flee prosecution or otherwise escape from authorities; and (9) the noncitizen's manner of entry into the United States. *Matter of Guerra*, 24 I. & N. Dec. at 40

47. Although an Immigration Judge has "broad discretion in deciding the factors that he or she may consider" and may give greater weight to one factor over others, that discretion is not unlimited. *Id.* The Immigration Judge may assign greater weight to one factor only so long as the resulting custody determination is reasonable. *Id.* Thus, the exercise of discretion must have a reasonable foundation

and must reflect an individualized assessment of whether the particular detainee presents a danger, flight risk, or otherwise poor bail risk.

48. Federal habeas review does not authorize a district court merely to reweigh the evidence considered by the Immigration Judge. However, 8 U.S.C. § 1226(e) does not foreclose judicial review of constitutional claims or questions of law. *Martinez v. Clark*, 124 F.4th 775, 781–85 (9th Cir. 2024). The Ninth Circuit has held that the application of the governing bond standard to established facts presents a reviewable mixed question of law and fact. *Id.* at 783–85. Accordingly, a habeas court may determine whether the Immigration Judge applied the correct legal standard and abused his or her discretion, while refraining from independently reweighing the underlying evidence. *Id.* at 784–85 (citing *Wilkinson v. Garland*, 601 U.S. 209, 220 (2024)).

**B. Habeas Corpus is the Traditional Means of Challenging Unlawful Executive Detention**

49. Under 28 U.S.C. § 2241, a writ of habeas corpus may be granted to any petitioner who demonstrates that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see *Rasul v. Bush*, 542 U.S. 466, 473 (2004).

50. Under 28 U.S.C. § 2241, a writ of habeas corpus may be granted to a petitioner who demonstrates that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see *Rasul v. Bush*, 542 U.S. 466, 473 (2004). The writ is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2).

51. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Historically, "the writ of habeas corpus has served as a means of reviewing

the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A noncitizen in immigration custody may bring a § 2241 petition on the ground that his detention violates the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).

52. The petitioner bears the burden of proving that he is being held contrary to law by a preponderance of the evidence. *Walker v. Johnston,* 312 U.S. 275, 286 (1941) ("On a hearing, [the § 2241 petitioner has] the burden of sustaining his allegations by a preponderance of evidence."); *Parke v. Raley,* 506 U.S. 20, 31 (1992); *Sumner v. Mata,* 449 U.S. 539, 551 (1981).

**C. Civil Immigration Detention is Subject to Constitutional Limitations**

53. Congress has authorized immigration detention under several provisions, including 8 U.S.C. §§ 1226 and 1231. That authority is not unlimited. Immigration detention is civil, not criminal, and remains subject to the Constitution's constraints.

54. The Supreme Court has repeatedly recognized that civil immigration detention serves limited regulatory purposes, principally ensuring a noncitizen's appearance at removal proceedings and protecting the community from danger. Because immigration detention is regulatory rather than punitive, continued detention must bear a reasonable relationship to those legitimate governmental interests. *Zadvydas*, 533 U.S. at 690; *Demore v. Kim*, 538 U.S. 510, 527-28 (2003); *Jennings v. Rodriguez*, 583 U.S. 281 (2018).

**D. The Fifth Amendment Requires Constitutionally Adequate Procedures before the Government May Deprive an individual of Physical Liberty**

55. The Fifth Amendment provides that "[n]o person shall . . . be deprived of . . . liberty . . . without due process of law." U.S. Const. amend. V. All persons in the United States, "including aliens, whether their presence here is lawful,

unlawful, temporary, or permanent," are entitled to protection under this provision of the Constitution. *Zadvydas*, 533 U.S. at 693. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects." *Id*. at 690; see also *United States v. Salerno*, 481 U.S. 739, 755 (1987) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception."). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (collecting cases).

56. A procedural due process claim involves two inquiries: first, whether the challenged government action implicates a protected liberty interest; second, if so, what process is constitutionally due before that interest may be taken. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972); accord *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (Due Process Clause "requires some kind of a hearing before the State deprives a person of liberty or property" (emphasis in original)).

57. Where a protected liberty interest is at stake, courts apply the three-factor test set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976).

58. In *Mathews*, the Supreme Court established three factors for a court to consider for purposes of determining what process is constitutionally sufficient to protect a liberty interest: The private interest that will be affected by the official action; the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Id.* at 335; see *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022) (applying Mathews to due process challenge to

immigration detention, and noting that "*Mathews* remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context");

59. Because the government's discretion to detain individuals under 8 U.S.C. § 1226(a), and to revoke custody decisions under § 1226(b), is not "unlimited," that discretion must comport with the Mathews framework and constitutional due process more broadly. *Zadvydas*, 533 U.S. at 698.

**E. An Arrest Warrant is Required**

60. Section 1226(a) authorizes the arrest and detention of a noncitizen pending removal proceedings.

61. The Statute provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a).

62. Under 8 C.F.R. §236.1(b)(1), a noncitizen may only be arrested and detained pursuant to the Form I-200 Administrative Warrant if it is issued by an authorized official: At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest.

63. A warrant of arrest may be issued only by those immigration officers listed in § 287.5(e)(2) of this chapter and may be served only by those immigration officers listed in § 287.5(e)(3) of this chapter. 8 C.F.R. § 236.1(b)(1).

**F. A warrantless arrest is valid if the government satisfies the limited exceptions under 8 U.S.C. § 1357(a)(2)**

64. Immigration officers are authorized to make warrantless arrests in limited circumstances. These include when a noncitizen is "entering or attempting to enter the United States in violation of any law or regulation ... regulating the admission, exclusion, expulsion, or removal of aliens," or when an officer has

reason to believe (i) the noncitizen is in the United States in violation of such laws or regulations and (ii) the noncitizen is likely to "escape" before an arrest warrant can be obtained. 8 U.S.C. § 1357(a)(2); see also 8 U.S.C. §§ 1357(a)(4) – (5) (providing other circumstances that justify warrantless arrest).

## CAUSES OF ACTION

## COUNT ONE

### *Violation of 8 U.S.C. §§ 1226(a) and 1357(a)(2)*

### *Arrest and Detention in Excess of Statutory Authority*

65. Petitioners repeat, re-allege, and incorporate by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

66. Respondents did not obtain a warrant before arresting Petitioner. Likewise, there are no facts to indicate that Petitioner could have been arrested under the exception of warrant.

67. Here, Petitioner was arrested outside his home while preparing to leave for his employment. Petitioner did not present circumstances remotely suggesting that he was likely to escape before ICE could obtain a warrant.

68. On or about July 20, 2026, ICE officers encountered Petitioner immediately outside his residence while he was preparing to leave for work. Petitioner was not fleeing from immigration authorities. Petitioner was not attempting to conceal his identity, residence, or whereabouts. Petitioner was not engaged in criminal conduct.

69. Nothing about the circumstances confronting ICE required an immediate arrest rather than obtaining a warrant through the procedures Congress specifically provided.

70. Indeed, Petitioner's longstanding residence, regular employment, known home address, lack of criminal history, and ordinary conduct on the morning of his arrest demonstrate precisely the opposite of a person likely to escape before a warrant could be obtained.

71. To the extent Respondents contend that an administrative warrant was generated or signed contemporaneously with or after Petitioner's seizure, such a document cannot retroactively supply statutory authority for an arrest that had already occurred. Nor may the Government satisfy § 1357(a)(2) merely by asserting, after the fact, that Petitioner was removable. Congress imposed an additional requirement: ICE must have reason to believe that the person was likely to escape before a warrant could be obtained.

72. In *Tellez-Serrano v. Fereti*, 5:26-cv-04183-BFM (C.D. Cal. Aug. 31, 2026), the court granted habeas relief where the Government failed to offer evidence of a warrant or establish an applicable § 1357(a)(2) exception.

73. Because Petitioner's present physical custody resulted directly from an arrest undertaken without statutory authority, his continuing detention is unlawful.

74. Petitioner respectfully requests that this Court grant the writ of habeas corpus, order his release from unlawful custody, and grant such further relief as the Court deems just and proper.

## COUNT TWO

***Violation of the Fifth Amendment Right to Procedural Due Process***

***Deprivation of Liberty Without Constitutionally Adequate Process***

75. Petitioner repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth herein. The Fifth Amendment provides that no person shall be deprived of liberty without due process of law.

76. Freedom from physical restraint lies at the core of the liberty protected by the Due Process Clause.

77. Immigration detention is civil, not criminal, and therefore may not be imposed arbitrarily or without adequate procedural safeguards.

78. Petitioner possessed a substantial liberty interest in remaining free from physical confinement.

79. Before his arrest, Petitioner had lived openly in the United States for approximately ten years. Petitioner maintained a residence in Carson, California, worked in the construction industry as an HVAC installer, and had no criminal record.

80. Despite Petitioner's substantial liberty interest, ICE officers seized him outside his home without prior notice, without an opportunity to contest the necessity of detention before a neutral decisionmaker, and without circumstances requiring immediate warrantless detention.

81. The Government's asserted immigration-enforcement interests did not require dispensing with basic procedural safeguards. There was ample opportunity for ICE to seek lawful arrest authority before depriving Petitioner of his liberty.

82. Petitioner was not an unknown person encountered fleetingly at the border. He was an interior resident with an established home and employment who had lived in the United States for approximately a decade. Nor was Petitioner committing a crime, attempting to flee, or engaging in conduct that created any immediate need for physical detention.

83. Where the Government has both the opportunity and the means to employ established procedures before depriving an individual of physical liberty, due process does not permit those procedures to be discarded merely for administrative convenience.

84. Petitioner's substantial liberty interest, the severe consequences of erroneous detention, the availability of procedures capable of reducing the risk of erroneous deprivation, and the absence of any demonstrated emergency weigh heavily in favor of meaningful process before detention.

/ / /

/ / /

85. In *Tellez* v. Semaia, this district court concluded that the petitioner detention was unlawful because Petitioner received none of that process, because Respondents treated him as an individual detained under § 1225. He was arrested without a warrant. Since he's been in custody, it appears there has been no finding that he is a flight risk or a danger—no initial determination, and no redetermination by an IJ. Petitioner's detention was therefore unlawful. *Aguilar-Garcia v. Noem*, No. 1:26-cv-01395-DC-DMC-HC, 2026 WL 1895472, at *1 (E.D. Cal. July 1, 2026), report and recommendation adopted, No. 1:26-cv-01395-DC-DMC (HC), 2026 WL 2138088 (E.D. Cal. July 24, 2026) (absent a pre-deprivation bond hearing pursuant to § 1226 (a), detention violated the INA).; *Nunez-Santillan v. Warden Desert View Facility*, No. 5:26-cv-01171-ABPD, 2026 WL 795475, at *1 (C.D. Cal. Mar. 19, 2026) (a "continued detention pursuant to § 1225(b) and without the bond hearing to which § 1226(a) entitles [petitioner] constitutes a violation of federal law").

86. In this case, Petitioner received no comparable protection before ICE stripped him of his physical liberty. Respondents therefore deprived Petitioner of liberty without constitutionally adequate process in violation of the Due Process Clause of the Fifth Amendment.

87. Because Petitioner's detention resulted from this unlawful deprivation of liberty, Petitioner is entitled to habeas relief.

**COUNT THREE**

***Violation of the Fifth Amendment Substantive Due Process***

***Arbitrary Civil Detention***

88. Petitioner repeats, re-alleges, and incorporates by reference each and every allegation set forth above as though fully set forth herein. The Supreme Court has recognized legitimate immigration-detention interests involving preventing flight and protecting the community. See *Demore v. Kim*, 538 U.S. 510, 528 (2003); *Zadvydas*, 533 U.S. at 690.

89. Petitioner has remained continuously confined in civil immigration detention since April 15, 2025. His detention has therefore continued for approximately two months, notwithstanding the absence of any criminal charge or conviction identified by Respondents as a basis for his confinement.

90. Petitioner's private interest is his physical liberty and is therefore exceptionally substantial. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Petitioner has no criminal record.

91. Petitioner was not committing a crime when arrested. Petitioner was not fleeing. Petitioner had maintained a residence in the United States for approximately ten years. Petitioner maintained regular employment and was literally preparing to travel to work when he was arrested.

92. These circumstances substantially undermine any assertion that immediate physical confinement was necessary because Petitioner posed a danger to the community or would disappear before lawful arrest procedures could be completed.

93. Nevertheless, Respondents imposed one of the Government's most serious exercises of power the physical confinement of an individual without first complying with the statutory safeguards Congress imposed upon that authority.

94. Petitioner's continuing detention therefore constitutes an arbitrary deprivation of physical liberty prohibited by the Fifth Amendment.

95. Petitioner respectfully requests that the Court grant the writ and order his release.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this court:

a. Assume jurisdiction over this matter;
b. Issue a writ of habeas corpus directing Respondents to immediately release Petitioner from Custody
c. Award reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), 5 U.S.C. § 504, or any other applicable law; and
d. Order further relief as this Court deems just and appropriate.

Respectfully Submitted,

Dated: 09/03/2026

*/s/ Ron Quijada*

Ron Quijada (SBN: 363736)
LAW OFFICES OF RON QUIJADA
750 E. Green Street, Suite 302
Pasadena, California 91101
Telephone: (626) 437-0724
Facsimile: (626) 604-8329
E-mail: ron@quijadalegal.com

**VERIFICATION PURSUANT TO 28 U.S.C. 2242**

I am submitting this verification on behalf of the Petitioner because I am one of Petitioner's attorneys. I have discussed with the Petitioner the events described in the Petition. Based on those discussions, I hereby verify that the factual statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Respectfully Submitted,

Dated: 09/03/2026

*/s/ Ron Quijada*

Ron Quijada (SBN: 363736)
LAW OFFICES OF RON QUIJADA
750 E. Green Street, Suite 302
Pasadena, California 91101
Telephone: (626) 437-0724
Facsimile: (626) 604-8329
E-mail: ron@quijadalegal.com

# LIST OF EXHIBITS

**Exhibit 1 – Petitioner's I-94 Arrival Record**